**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| BRETT JENSEN,<br>Plaintiff,<br>v.<br><br>ROCKET MORTGAGE, LLC SUCCESSOR BY MERGER TO NATIONSTAR MORTGAGE, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION, LLC,<br><br>Defendants. | Case No.: 1:26-cv-1933<br><br>**Complaint for Damages:**<br>**Violation of Fair Credit Reporting Act** |

Plaintiff, Brett Jensen, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Outagamie, Wisconsin.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Rocket Mortgage, LLC successor by merger to Nationstar

Mortgage, LLC ("Nationstar") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Wisconsin.

5. At all times pertinent hereto, Defendant Nationstar is a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant Nationstar was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendants Nationstar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Experian Information Solutions, Inc. is a corporation existing under the laws of Wisconsin.

9. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Wisconsin.

10. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

11. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

14. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Wisconsin.

15. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

16. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer

reports, as defined in 15 U.S.C. §1681a(d), to third parties.

17. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

18. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

19. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Wisconsin.

20. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Wisconsin.

21. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

22. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

23. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## III. JURISDICTION AND VENUE

24. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

25. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

26. Personal jurisdiction exists over Defendants as Plaintiff resides in Wisconsin, Defendants have the necessary minimum contacts with the state of Wisconsin, and this suit arises out of specific conduct with Plaintiff in Wisconsin.

## IV. FACTUAL ALLEGATIONS

27. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Nationstar, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

28. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

29. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

30. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

31. Plaintiff discovered the Nationstar account ending 1202 on their Equifax, Experian, and TransUnion consumer reports in error (the "Account").

32. The Account erroneously and adversely reports January 2026 as 30 days late.

33. Nationstar was in receipt of funds from the Plaintiff in January 2026 in excess of the monthly payment due, and did not apply these funds to the Plaintiff's Account, as attached in Exhibit A.

34. Nationstar then applied these funds late causing the adverse reporting for January 2026.

35. The Defendants continue erroneously to report the Account with a January 30 day late payment and a derogatory status to Experian, Equifax and TransUnion.

36. The false and misleading information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness and overstates credit utilization.

## PLAINTIFF'S WRITTEN DISPUTE

37. On or about February 25, 2026, April 3, 2026, May 11 2026, June 12, 2026, and July 17, 2026 Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer report.

38. On or about February 25, 2026, April 3, 2026, May 11 2026, June 12, 2026, and July 17, 2026, Plaintiff sent a written dispute to Experian ("Experian Dispute"),

disputing the inaccurate information regarding Account reporting on Plaintiff's consumer report.

39. On or about February 25, 2026, April 3, 2026, May 11 2026, June 12, 2026, and July 17, 2026, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

40. On or about August 25, 2026, Plaintiff sent a written dispute to Nationstar ("Nationstar Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

41. Upon information and belief, Equifax, Experian and TransUnion forwarded Plaintiff's Disputes (collectively the "Dispute Letters") to Defendant Nationstar.

42. Upon information and belief, Nationstar received notification of Plaintiff's Dispute Letters from Equifax, Experian, and TransUnion.

43. Upon information and belief, Nationstar verified the erroneous information associated with the Account to Equifax, Experian, and TransUnion.

44. Nationstar failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

45. Equifax, Experian, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

46. Upon information and belief, Nationstar failed to instruct Equifax, Experian, and TransUnion to remove the false and misleading information regarding the Account reporting on Plaintiff's consumer reports.

47. Equifax, Experian, and TransUnion employed an investigation process that was not reasonable and did not remove the false and misleading information regarding the Account identified in Plaintiff's Dispute Letters.

48. At no point after receiving the Dispute Letters did Nationstar, Equifax,

Experian, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

49. Equifax, Experian, and TransUnion relied on their own judgment and the information provided to them by Nationstar rather than grant credence to the information provided by Plaintiff.

50. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

51. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm, including one or more of the following: postage and certified-mail charges for mailing disputes, the cost of obtaining copies of credit reports and credit monitoring services, telephone and photocopying expenses, and mileage or travel undertaken to address the inaccurate reporting.

52. As a further result of the inaccurate reporting, Plaintiff has suffered emotional distress, including anxiety, worry, frustration, embarrassment, and humiliation, which has manifested physically in one or more of the following ways: loss of sleep, headaches, fatigue, upset stomach or other gastrointestinal distress, loss of or change in appetite, muscle tension, and nervousness.

## COUNT I – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

53. Plaintiff re-alleges and reaffirms the above paragraphs 1-52 as though fully set forth herein.

54. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

55. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation

of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

56. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

59. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

60. Plaintiff re-alleges and reaffirms the above paragraphs 1-52 as though fully set forth herein.

61. After receiving the Experian Dispute, Experian failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Experian consumer report.

62. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63. As a result of this conduct, action and inaction of Defendant Experian,

Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## <u>**COUNT III – EQUIFAX**</u>

## <u>**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**</u>

67. Plaintiff re-alleges and reaffirms the above paragraphs 1-52 as though fully set forth herein.

68. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

69. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

70. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. Defendant Equifax's conduct, action, and inaction were willful, rendering

Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

74. Plaintiff re-alleges and reaffirms the above paragraphs 1-52 as though fully set forth herein.

75. After receiving the Equifax Dispute, Equifax failed to correct the false and misleading information regarding the Account reporting on Plaintiff's Equifax consumer report.

76. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

77. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT V – TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)**

81. Plaintiff re-alleges and reaffirms the above paragraphs 1-52 as though fully set forth herein.

82. After receiving the TransUnion Dispute, TransUnion failed to correct the false and misleading information regarding the Account reporting on Plaintiff's TransUnion consumer report.

83. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

84. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

86. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT VI – TRANSUNION**

**FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i**

88. Plaintiff re-alleges and reaffirms the above paragraphs 1-52 as though fully


Case 1:26-cv-01933-BBC Filed 10/16/26 Page 10 of 13 Document 1

set forth herein.

89. After receiving the TransUnion Dispute, TransUnion failed to correct the false and misleading information regarding the Account reporting on Plaintiff's TransUnion consumer report.

90. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

91. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

92. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

93. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

94. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – NATIONSTAR

## Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

95. Plaintiff re-alleges and reaffirms the above paragraphs 1-52 as though fully set forth herein.

96. After receiving the Dispute Letters, Nationstar failed to correct the false and misleading information regarding the Account reporting on Plaintiff's consumer report.

97. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Nationstar's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false and misleading information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Nationstar's representations to consumer credit reporting agencies, among other unlawful conduct.

98. As a result of this conduct, action, and inaction of Defendant Nationstar, Plaintiff suffered damage and continues to suffer actual damages including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

99. Defendant Nationstar's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

100. In the alternative, Defendant Nationstar was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

101. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Nationstar pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies


Case 1:26-cv-01933-BBC Filed 10/16/26 Page 12 of 13 Document 1

as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted October 16, 2026.

*/s/ Joseph Panvini*
Joseph Panvini, Esq.
McCarthy Law, PLC
9200 E. Pima Center Pkwy. Ste. 300
Scottsdale, AZ 85258
Telephone: (602) 456-8900
Fax: (602) 218-4447
Joe.Panvini@mccarthylawyer.com
Attorney for Plaintiff